489 F.Supp. 40 (1980)
Paul K. VOELKER, Plaintiff,
v.
INTERNAL REVENUE SERVICE, Defendant.
No. 79-0900C(C).
United States District Court, E. D. Missouri, E. D.
March 12, 1980.
*41 Paul K. Voelker, pro se.
Bruce D. White, Asst. U. S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court on a motion for summary judgment filed by defendant. For the reasons stated below, defendant's motion will be granted.
Plaintiff is an attorney in the St. Louis office of the District Counsel, Internal Revenue Service, who contends that defendant has violated 5 U.S.C. § 552a, the Privacy Act, in failing to make available to plaintiff certain portions of a record compiled about him.
By a letter dated May 17, 1978, plaintiff made a request for access, pursuant to 5 U.S.C. § 552a, to information "relative to an investigation initiated on me on or around March 26, 1974, by the Internal Revenue Service." By letter dated June 28, 1978, the Assistant Commissioner, National Office, Internal Revenue Service, responded by providing plaintiff with portions of his record, but denying him access to pages 3 and 4 of the Collateral Report (C.R. 3 & 4) and a portion of page 3 of the Final Report (F.R. 3).
Subsequently, the Final Report was released in its entirety. Presently, plaintiff has been granted access to all portions of the Collateral Report except a single phrase in C.R. 3 and portions of C.R. 4. Defendant asserts that the deleted portions of these documents consist of personal information pertaining to a third party and, as such, are not discoverable by plaintiff, even though contained in a report maintained on plaintiff, without the consent of the third party in question.
Defendant has submitted unedited versions of the documents in question to the Court, along with its motion for summary judgment. Defendant contends that a plain reading of the statute and a review of the nature of the edited material withheld from plaintiff establish that defendant is entitled to judgment as a matter of law. The Court agrees.
Title 5 U.S.C. § 552a(b) provides in pertinent part: "No agency shall disclose any record which is contained in a system of records ... to any person ... except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains ..." Title 5 U.S.C. § 552a(d) provides in pertinent part: "Each agency that maintains a system of records shall  (1) upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him ... to review the record ..." Read together, these sections clearly establish that before an individual is permitted to obtain information contained within an agency record system, the information must pertain to him, and may be disclosed only after the written consent of the person to whom the information pertains.
The legislative history of the Privacy Act, 5 U.S.C. § 552a, in contrast to the Freedom of Information Act, establishes beyond doubt that the range of discoverable material from a government agency under this statute is narrower than that bestowed on individuals under the Freedom of Information Act. The primary purpose of the Privacy Act of 1974 is to allow disclosure to an individual regarding information pertaining to him, while balancing the need to protect other individuals' right to privacy. See 120 Cong.Rec., Part 27, pp. 36649-50 (Legislative History to the Privacy Act of 1974: Source Book on Privacy, 94th Cong., 2d Sess., p. 899 (Joint Comm. Print 1976)).
Further, an in camera review of the edited material discloses that it clearly pertains to a third party, and not to plaintiff. The Court finds that no interest is served by disclosure of this material to plaintiff, and indeed the constitutional protection against unwarranted invasions of privacy requires that the edited material not be disclosed to plaintiff without the consent of the third party to whom the information pertains.
*42 Accordingly, defendant's motion for summary judgment will be granted, and plaintiff's motion to permit discovery will be denied.