**Raymond C. SULLIVAN, Plaintiff,**

v.

**VETERANS ADMINISTRATION, Defendant.**

**Civ. A. No. 84–3141.**

United States District Court, District of Columbia.

May 29, 1985.

G. Jerry Shaw, William L. Bransford, Neill, Mullenholz, Shaw & Seeger, Washington, D.C., for plaintiff.

Edith S. Marshall, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM ORDER

HAROLD H. GREENE, District Judge.

Plaintiff, the former Director of the Veterans Administration Medical Center in Cincinnati, Ohio, brought this action against the Veterans Administration (VA) alleging that its disclosure of information pursuant to a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, violated his statutory rights under the Privacy Act, 5 U.S.C. § 552a, and severely damaged his reputation. Plaintiff seeks $100,000 in damages for loss to his reputation, mental pain and suffering, and other injuries. The VA has filed a motion to dismiss or, in the alternative, for summary judgment.[1] For the reasons stated below, the motion will be granted and this action will be dismissed.

The material facts are not in dispute. An article appearing in the February 1983 issue of *Truth Unity*, the newsletter of Local 2031 of the American Federation of Government Employees, alleged that plaintiff, who was then Director of the VA Medical Center, had used a government vehicle for private purposes, that while he was doing so, he was involved in an accident, and that he used government funds to repair the damages to the other driver's car. Mr. Lonnie Carter, the Local's President and the author of the article, subsequently complained to the Inspector General's Office of the VA, repeating the allegations in his article that plaintiff had misused government property and misappropriated public funds, and volunteering to provide the VA with additional information.

The Inspector General's Office conducted an investigation into these allegations. Although the Office declined to bring criminal charges against plaintiff, it did reprimand plaintiff for violating certain regulations governing the use of government property. During the pendency of the VA investigation, Carter made a request pursuant to the FOIA for records relating to its investigation of plaintiff. The Inspector General's Office, after completing its investigation and upon consulting with other VA officials, released a partially redacted copy of its report to Carter.[2] The information in this report essentially confirmed the information that Carter himself had provided to the agency.

Section 552a(b)(2) of the Privacy Act prohibits an agency from disclosing any record which is contained in a system of records without the prior written consent of the individual to whom it pertains "unless disclosure of the record would be ... required under section 552 of this title." The effect of this section is to permit an agency to disclose records where FOIA requires it, but to prohibit such disclosure where a specific FOIA exemption allows the agency to withhold the information. See *Plain Dealer Publishing Co. v. United*

---

1. Because the Court has considered materials outside the pleadings, it has treated the motion as one for summary judgment.

2. Before releasing a copy of the report to Carter, the Inspector General's Office "blacked out" references to plaintiff and to another individual who was the subject of the investigation. The Office, however, inadvertently left in one reference to plaintiff by name. In any event, it would not have been difficult for a reader to deduce that plaintiff was a subject of the report.

*States Department of Labor,* 471 F.Supp. 1023, 1031 (D.D.C.1979). Here, plaintiff maintains that the information contained in the VA investigatory report was exempt under 7(C) of the FOIA, 5 U.S.C. § 552(b)(7)(C), which protects investigatory records, the disclosure of which would constitute "an unwarranted invasion of personal privacy."[3]

The VA, in fact, considered whether the release of the Inspector General's investigatory report would result in an unwarranted invasion of plaintiff's personal privacy, but determined that it would not. On that basis, it concluded that it was required to release the report under FOIA. The Court agrees and thus concludes that the VA has not violated plaintiff's rights under the Privacy Act.

The central purpose of the FOIA is to increase the public's access to information in the possession of the federal government. Congress determined that in certain instances disclosure of some government records would be so intrusive—either to private parties or to certain important government functions—that releasing them under the FOIA would be inappropriate. Exemptions 6 and 7(C), which provide protection for personal privacy interests, reflect one of those instances. However, the existence of a privacy interest in certain documents does not automatically protect those documents from disclosure. Rather, the Court, in determining whether exemption 6 or exemption 7(C) applies in a particular case, must balance the plaintiff's interest in privacy against the public interest in disclosure.

The first step in this balancing process is to identify the nature and magnitude of the various interests involved. On the one side, plaintiff has at least a minimal privacy interest in his employment history and job performance evaluations. See *Stern v. F.B.I.,* 737 F.2d 84, 91 (D.C.Cir.1984), and

cases cited therein. In the instant case, the investigatory record at issue does not contain diverse bits and pieces of information concerning plaintiff unrelated to the subject of the report, and its release would not have disclosed intimate details or other aspects of plaintiff's personal life. Instead, the report concerns an investigation into specific allegations of misconduct. Thus, the privacy interests at stake are limited to whatever embarrassment or reputational injury plaintiff might suffer as a result of being associated unwarrantedly with the alleged wrongdoing which is the subject of the report.[4] See *Stern v. F.B.I., supra,* 737 F.2d at 91–92.

On the other side of the balance, is the public's interest in knowing what public servants may be involved in wrongdoing. In addition, as the court in *Stern v. F.B.I., supra,* recognized, the public has an interest in:

> knowing that a government investigation itself is comprehensive, that the report of an investigation released publicly is accurate, that any disciplinary measures imposed are adequate, and that those who are accountable are dealt with in an appropriate manner.

737 F.2d at 92. The Court notes that the Inspector General's Office did not release the investigatory report to Carter until after it had completed its investigation. Accordingly, there was no risk that ongoing or future investigations and enforcement proceedings concerning this matter would be impaired as a result of the disclosure.

Upon balancing these competing interests, the Court concludes that whatever legitimate privacy interests plaintiff may have had in keeping the report secret, they were clearly outweighed by the public's interest in disclosure. To begin with, the privacy interests of plaintiff, in his capacity as a federal employee, are diminished due to the public interest in knowing how pub-

---

**3.** Both parties agree that if the information at issue could be withheld under FOIA, it would be pursuant to exemption 7(C), which places a greater emphasis on protecting personal privacy than does exemption 6.

**4.** Plaintiff alleges that the release of the report to Carter damaged his reputation, caused him embarrassment and disgrace, and was a factor in his job transfer.

lic employees are performing their jobs— "in order to hold the governors accountable to the governed". *Stern v. F.B.I., supra,* 737 F.2d at 92.[5] This is particularly true where, as here, the federal employee in question holds a high level position—*i.e.,* plaintiff was the head of a major medical facility with a multi-million dollar budget.

Furthermore, this is not a case where plaintiff was associated unwarrantedly with wrongdoing. While plaintiff continues to protest his innocence of any criminal wrongdoing,[6] he has never denied the essential facts underlying the allegations made by Carter which were investigated by the Inspector General's Office. In fact, the VA found that plaintiff had engaged in improper and illegal activities, and specifically stated in its letter of reprimand to plaintiff:

A. 31 U.S.C. Section 1344(a) states any use of a Government vehicle must be for official business. This statute also indicates that an official purpose does not include transporting employees of the Government between their domiciles and places of employment. While I am unable to conclude that you have clearly demonstrated a violation of 31 U.S.C. Section 1344(a), I believe your actions did exceed the limits of good judgment and presented the appearance of abuse of your authority for your personal benefit in violation of 38 C.F.R. 0.735-10(b).

B. Your actions regarding the use of a Government vehicle were also in violation of 38 C.F.R. 0.735-14 which requires

VA employees to protect and conserve Government property entrusted to them, to not willfully misuse Federal Government property, including vehicles, and to not directly or indirectly use, or allow the use, of Government property for other than officially approved activities.

C. In addition, your failure to report your September 22, 1982, accident with a Government vehicle to your Regional Director is a breach of the Federal Property Management Regulations.

Finally, it is unclear what, if any, embarrassment or other reputational injury plaintiff could have suffered as a result of the VA's release of the investigatory report. Most, if not all, of the information contained in the report was already available to the public in the *Truth Unity* article, and was obviously known by Carter.

■ However, even assuming that the VA's release of the report had an adverse effect on plaintiff and assuming further that exemption 7(C) of the FOIA applied, plaintiff would still not prevail. An action for damages under section 552a(g) of the Privacy Act must be predicated on a finding that the agency acted in a manner which was "intentional or willful." 5 U.S.C. § 552a(g)(4). In other words, the agency must either commit the act without grounds for believing it to be lawful, or it must flagrantly disregard an individual's rights under the Act. *Albright v. United States,* 732 F.2d 181, 189 (D.C.Cir.1984).

---

**5.** As previously noted, the VA report concerns an investigation into plaintiff's alleged misuse of government property and funds, but it did not delve into any aspects of plaintiff's personal life. Thus, plaintiff's interest in nondisclosure is not in continued privacy of personal matters, but in anonymity so that he can avoid criticism for violations of government regulations. See *Sims v. CIA,* 642 F.2d 562, 574–75 (D.C.Cir.1980); *Chicago Board of Trade v. Commodity Futures Trading Commission,* 627 F.2d 392, 399 (D.C.Cir. 1980).

**6.** Plaintiff states that he believed that he had a right to use the car and that he was engaged in government business, and he argues that this Court should strike the same balance as the

*Stern* court did with respect to the two lower level FBI employees. The Court cannot agree. It may be that plaintiff did not intentionally violate any law or regulation, but his role in the wrongdoing was central. He knowingly used a government vehicle for travel to and from his residence and he failed to report an accident.

Moreover, unlike the lower level employees in *Stern,* plaintiff is not in danger of being associated with notorious, and much more serious allegations of criminal wrongdoing. To the contrary, the incidents to which plaintiff was linked, and whatever embarrassment he may have suffered as a result thereof, is not out of proportion to plaintiff's personal role in and responsibility for those incidents.

After reviewing the uncontroverted affidavits submitted by the VA officials responsible for the decision to release the report, the Court is convinced that the VA's action was neither intentional nor willful within the meaning of those terms under the Act.[7] These VA officials, who have received special training in FOIA and Privacy Act matters and who regularly review and screen documents requested under the FOIA and the Privacy Act, all concluded that the VA was required to release the report under the FOIA, and that the report, as redacted, would not violate anyone's rights under the Privacy Act including the rights of this plaintiff.[8] While the VA was not completely successful in deleting all the personally identifiable references to plaintiff, its attempt to do so demonstrates that agency's consideration of and concern for plaintiff's privacy interests.

For the reasons stated, the Court finds that the VA's release of the investigatory report did not violate plaintiff's rights under the Privacy Act because such release was mandated by the FOIA. Moreover, it concludes that the VA carefully considered plaintiff's privacy interest before releasing such report.[9]

Accordingly, it is this 29 day of May, 1985

ORDERED that defendant's motion for summary judgment be and it is hereby granted; and it is further

ORDERED that this action be and it is hereby dismissed.

---

7. Plaintiff argues that summary judgment on this ground is inappropriate because the question of whether the actions were intentional or willful is a factual one. To be sure, the issue is one of fact and if it were in dispute, plaintiff's argument would be well taken. But, that is not the case here. The VA has submitted affidavits from the appropriate officials indicating that they carefully considered plaintiff's privacy interests, but ultimately determined that the VA was required to release the report under the FOIA. Plaintiff has not alleged any facts or produced any evidence which would refute the accuracy or veracity of these affidavits.

8. See Affidavits of Ronald P. Morani, Arthur Kyle, and Robert Shoemake, attachments V, VIII, and IX, respectively, to defendant's motion for summary judgment.

9. In light of the Court's findings, it is unnecessary to address the other arguments made by defendant—namely (1) whether the record in question is exempt from the provisions of § 552a(g) of the Privacy Act pursuant to 38 C.F.R. § 1.582; and (2) whether disclosure of a document which merely verifies and confirms information already available to the public constitutes a disclosure within the meaning of the Act.