David Jay STERLING, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 92–523 (CRR).

United States District Court, District of Columbia.

Aug. 28, 1992.

David J. Sterling, pro se.

Jay B. Stephens, U.S. Atty., and John D. Bates and Marina Utgoff Braswell, Asst. U.S. Attys., District of Columbia, for defendant.

MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

In responding to a Freedom of Information Act request from one Larry Pekoskie, the Government released certain materials. One document released to Mr. Pekoskie in a redacted form allegedly referred to information which the Plaintiff David Sterling, a cellmate of Mr. Pekoskie, provided to prison authorities under a promise of confidentiality during an investigation of Mr. Pekoskie. *See* Complaint at ¶¶ 10, 14. The Plaintiff contends that the FOIA material released to Mr. Pekoskie enabled Mr. Pekoskie to identify the Plaintiff as a confidential informant in the prison proceedings. Complaint at ¶ 17; *Pl. Motion to Deny Def.*

*Motion to Dismiss*, at 3. Plaintiff contends that, as a direct result of this disclosure, he faced death threats and other emotional stresses. *See* Complaint at ¶¶ 16–21. Claiming that the Government improperly released this document, the Plaintiff seeks monetary damages and an award of attorneys' fees pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, and the Privacy Act, 5 U.S.C. § 552a. *See* Complaint at ¶¶ 23–28.

The Government now moves to dismiss the above-captioned case pursuant to Fed. R.Civ.P. 12(b)(6).[1] Upon considering the Government's Motion, the Plaintiff's opposition thereto, the applicable law and the record herein, the Court shall grant the Government's Motion with respect to the Plaintiff's FOIA and FTCA claims. However, at this stage of the proceedings, the Court shall deny the Defendant's Motion with respect to the Privacy Act claim.

■ The Court may easily dispose of the Plaintiff's claim under the FOIA. First, because the record has already been released, there are no plausible factual grounds for a "reverse FOIA" claim.[2] Secondly, the FOIA does not authorize the award of monetary damages. *See Duffy v. United States*, No. 87–C–10826, slip op., 1991 WL 98963, 1991 U.S.Dist. LEXIS 7381 (N.D.Ill.1991), *aff'd*, 966 F.2d 307 (7th Cir. 1992); *King v. Califano*, 471 F.Supp. 180 (D.D.C.1979). Thirdly, in his opposition, the Plaintiff does not dispute the Government's contention that he has no cognizable claim under the FOIA.

■ The Plaintiff's claims under the FTCA must also be dismissed for failure to state a claim upon which relief may be granted. The Plaintiff did exhaust his administrative remedies, *see Pl. Motion to Deny Def. Motion to Dismiss*, at 1–2 and

exhibits attached thereto, and the Government concedes this point. *See Defendant's Memorandum of Points and Authorities in Reply*, at 2. However, as the Government suggests, the FTCA does not provide a vehicle for recovery unless the Plaintiff has alleged a basis upon which the Government or its agents violated a duty imposed by state law. *See generally* 28 U.S.C. § 1346(b); *Art–Metal, Inc. v. United States*, 753 F.2d 1151, 1158 (D.C.Cir.1985) (claim of alleged negligence arising out of violation of federal statute is not cognizable under the FTCA). The allegations in the Plaintiff's Complaint are not sufficient to state a claim under the FTCA. A brief review of the Complaint reveals that the Plaintiff's alleged injuries all emanate from the Government's discharge of its duties arising under the FOIA and Privacy Acts. *See* Complaint at ¶¶ 3 ("Plaintiff complains that defendants were negligent and as a direct result of that negligence, plaintiff suffered an injury"); *id.* at ¶ 22. There is no allegation of any violation of underlying state law, other than a vague reference to "negligence." *See* Complaint at ¶¶ 3, 22. However, as the Court in *Art–Metal, supra*, made clear, "[t]he FTCA's local law requirement may not be circumvented by casting the alleged [ ] wrongs as negligence." 753 F.2d at 1160. *See also United States v. Smith*, 324 F.2d 622, 624–25 (5th Cir.1963). Accordingly, the Court shall grant the Defendant's Motion to Dismiss the Plaintiff's FTCA claims.

■ The Court cannot dismiss the Plaintiff's claims arising under the Privacy Act at this juncture, however. According to the Government, the Court lacks subject matter jurisdiction because the information was not released to Mr. Pekoskie as a result of a search of records under the Plaintiff's name or other identifying char-

---

**1.** The Government has submitted the affidavit of Ms. Joan Brooks, a paralegal at the Bureau of Prisons, in support of its Motion. Accordingly, the instant Motion to Dismiss is more properly construed as a Motion for Summary Judgment. *See* Fed.R.Civ.P. 12(c).

**2.** The Plaintiff would most likely have to file a "reverse FOIA" action under the auspices of the Administrative Procedure Act, 5 U.S.C. § 702, *et*

*seq. See CNA Financial Corp. v. Donovan*, 830 F.2d 1132, 1133, n. 1 (D.C.Cir.1987), *cert. denied*, 485 U.S. 977, 108 S.Ct. 1270, 99 L.Ed.2d 481 (1988). However, the APA also does not allow for an award of monetary damages. *Transohio Savings Bank v. Office of Thrift Supervision*, 967 F.2d 598 (D.C.Cir.1992) (no right to damages under the APA).

acteristic, and because the records released to Mr. Pekoskie did not contain any "personal" information "about" the Plaintiff. Upon evaluating the plain language of the Privacy Act, the Court finds that neither of the Government's arguments warrant dismissal of Plaintiff's Privacy Act claim as a matter of law.

The plain language of the Privacy Act indicates that Plaintiff is not barred from stating a claim for monetary damages merely because the record did not contain "personal information" about him and was not retrieved through a search of indices bearing his name or other identifying characteristics. Under § 552a(g)(1)(D), an individual may bring a civil action "whenever any agency ... fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual." According to its plain language, § 552a(g)(1)(D) incorporates § 552a(k)(2), which exempts investigatory material from release if "the disclosure of such material would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence." The Court cannot accept the Government's argument because the Government's interpretation of the Privacy Act effectively would remove § 552a(k)(2) from the plain reach of § 552a(g)(1)(D), without any statutory basis for doing so.[3] For this reason, the Court finds that the Privacy Act does not preclude Plaintiff from suing the Government for releasing material to Mr. Pekoskie regarding Plaintiff's testimony, when Plaintiff allegedly provided the testimony under a promise of confidentiality within the meaning of § 552a(k)(2). *See* Complaint at ¶ 10, 14.[4]

For all of these reasons, the Court shall grant the Government's Motion with respect to the FOIA and FTCA claims. However, the Court shall deny the Government's Motion with respect to the Privacy Act claims, without prejudice. The Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

## ORDER

Upon consideration of the Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, the Plaintiff's opposition thereto, the applicable law and the record herein, and for the reasons expressed in this Court's Memorandum Opinion of even date herewith, it is, by this Court, this 27 day of August, 1992,

ORDERED that the Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment, shall be, and hereby is, GRANTED IN PART and DENIED IN PART; and it is

FURTHER ORDERED that the Defendant's Motion to Dismiss the Plaintiff's claims arising under the Freedom of Information Act and the Federal Tort Claims Act shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that the Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, with respect to the Plaintiff's Privacy Act claims shall be, and hereby is, DENIED, without prejudice; and it is

FURTHER ORDERED that the Defendant shall show cause whether the Plaintiff's remaining claim under the Privacy Act should be dismissed on or before 4:00 p.m. on September 14, 1992; and that the

---

**3.** None of the Government's cases address the unique position of a confidential informant seeking an award of monetary damages due to the Government's allegedly improper release of materials. In fact, some of the cases relied upon by the Government actually undercut the Government's claim here. For example, in *Topuridze v. United States Information Agency*, 772 F.Supp. 662, 666, n. 9 (D.D.C.1991), the Court ordered the release of the "dual records" only *after* noting that the Defendant did not advance a claim arising under § 552a(k)(2). Likewise, the Court in *Voelker v. I.R.S.*, 646 F.2d 332, 335, n. 5 (8th Cir.1981), noted that the parties did not present a claim under § 552a(k).

**4.** The Court expresses no view on whether the Plaintiff would be entitled to an award of monetary damages pursuant to the Privacy Act. The Court only addresses the particular claims raised by the Defendant in the instant Motion.

Plaintiff shall file a response thereto on or before 4:00 p.m. on September 28, 1992.