David Jay **STERLING**, Plaintiff,

v.

**UNITED STATES of America, et al.,** Defendants.

Civ. A. No. 92–0523 (CRR).

United States District Court, District of Columbia.

July 30, 1993.

David J. Sterling, appearing pro se.

Marina Utgoff Braswell, Asst. U.S. Atty., together with J. Ramsey Johnson, U.S. Atty. for the District of Columbia, and John D. Bates, Asst. U.S. Atty., for defendants.

### MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

The Plaintiff in the above-captioned case seeks monetary damages from the Defendants pursuant to the Privacy Act, 5 U.S.C. § 552a, for the Defendants' allegedly willful and intentional release of information about the Plaintiff to a third party. Now pending before the Court is the Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment. The Court, after careful

consideration of the submissions of the parties, the exhibits, the applicable law, and the entire record herein, concludes that the Plaintiff has failed to come forward with any evidence that the alleged release of information was intentional or willful. Consequently, the Plaintiff cannot recover monetary damages for the allegedly wrongful release, and summary judgment shall be entered for the Defendants.

### I. *BACKGROUND*

The Plaintiff, David Sterling ("Sterling"), is a prisoner who provided certain information regarding his cellmate, Lawrence Pekoske ("Pekoske"), during the course of a disciplinary hearing against Pekoske. The information was provided with a promise of confidentiality from prison authorities. On October 5, 1990, Pekoske made a request for certain of his prison records pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The Defendant Bureau of Prisons released a memorandum in redacted form that related to Pekoske's disciplinary hearing. The memorandum did not contain Sterling's name, but Sterling contends that the memorandum enabled Pekoske to identify Sterling as a confidential informant in the prison proceedings.

Sterling contends that, as a direct result of this disclosure, he faced death threats and other emotional stresses. Claiming that the Government improperly released this document, he brought suit against the United States of America and the Bureau of Prisons for monetary damages and an award of attorney fees pursuant to FOIA, the Federal Tort Claims Act, 28 U.S.C. § 2671 ("FTCA"), and the Privacy Act. On August 28, 1992, the Court granted the Defendants' Motion to Dismiss with respect to the FOIA and FTCA claims, but left open the possibility of recovery under the Privacy Act for the wrongful release of information. 798 F.Supp. 47. On January 19, 1993, the Court directed the parties to file any evidence dealing with the question of whether the Defendants' conduct was intentional or willful, which the Plaintiff must show in order to recover monetary damages under the Privacy Act.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate in cases in which:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The Defendants are entitled to summary judgment if the Plaintiff fails "to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In this case, summary judgment for the Defendants is appropriate because the Plaintiff has failed to come forward with any evidence that the allegedly wrongful release of information was intentional or willful, which the Plaintiff is required to show in order to recover monetary damages pursuant to the Privacy Act.

### II. *BECAUSE THE PLAINTIFF HAS FAILED TO COME FORWARD WITH ANY EVIDENCE THAT THE DEFENDANTS' ACTIONS WERE INTENTIONAL OR WILLFUL, THE PLAINTIFF IS NOT ENTITLED TO RECOVER MONETARY DAMAGES FOR THE ALLEGEDLY WRONGFUL RELEASE OF INFORMATION*

The Privacy Act safeguards an individual's privacy by restricting access to the individual's "records" as defined by the act. *See* 5 U.S.C. § 552a(b). Furthermore, the Privacy Act guarantees individuals the right to examine their own records. § 552a(d). Certain exceptions to this general rule of disclosure exist, however, including the right of the agency to withhold investigatory material compiled for law enforcement purposes if "the disclosure of such material would reveal the identity of a source who furnished information to the Government under an express promise that the identity of the source would be held in confidence...." § 552a(k)(2).

Sterling claims that the failure of the Bureau of Prisons to withhold information pursuant to this exception when it released documents to Pekoske enabled him to discover

that Sterling was a confidential informant. Consequently, Sterling asserts a cause of action under § 552a(g)(1)(D), which permits an individual to bring suit against an agency which "fails to comply with any other provision of [the Privacy Act], or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual. . . ." However, the Plaintiff seeks monetary damages only, which are recoverable only if the Plaintiff shows that "the agency acted in a manner which was intentional or willful. . . ." § 552a(g)(4).

■ The Plaintiff has failed, however, to come forward with any evidence that the agency intentionally or willfully disclosed Sterling's identity through the information released to Pekoske. Under the Privacy Act, an agency commits a "willful" or "intentional" error when it acts with "somewhat greater than gross negligence." *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C.Cir.1987). Evidence that an agency acts merely negligently, or that the agency "handled a matter in a disjointed, or confused manner," is not sufficient to survive a motion for summary judgment. *Waters v. Thornburgh*, 888 F.2d 870, 875–76 (D.C.Cir.1989). In other words, an agency must act "without grounds for believing [the action] to be lawful, or by flagrantly disregarding others' rights under the Act." *Albright v. United States*, 732 F.2d 181, 189 (D.C.Cir.1984).

■ Sterling has come forward with nothing to suggest that the Defendants acted with the sort of willful or intentional misconduct required for the recovery of monetary damages. There is no dispute that the Bureau of Prisons redacted Sterling's name from the disciplinary hearing memorandum before releasing the document to Pekoske. *See* Defendants' Motion to Dismiss, Exhibit 1. That the Bureau of Prisons attempted to sanitize the memorandum before release "demonstrates that agency's consideration of and concern for plaintiff's privacy interests." *Sullivan v. Veterans Administration*, 617 F.Supp. 258, 262 (D.D.C.1985); *accord Stephens v. Tennessee Valley Authority*, 754 F.Supp. 579, 583 (E.D.Tenn.1990).

Sterling asserts that the Defendants were on notice that his identity had to be kept confidential and that the Defendants' agents should have been more careful in the processing of Pekoske's FOIA request. Nevertheless, even assuming that the Defendants were "on notice" of the sensitive nature of the information sought and the need to safeguard the security of the Plaintiff, the Court cannot conclude therefrom that the Defendants acted in "flagrant disregard" for the Plaintiff's privacy rights. *See Laningham v. United States Navy*, 813 F.2d 1236, 1243 (D.C.Cir.1987). The Bureau of Prisons redacted the memorandum before it was released to Pekoske, and after the release, moved the Plaintiff away from Pekoske at the Plaintiff's request out of a concern for his safety. The subsequent transfer is relevant because "an agency's post hoc attempt to remedy the harm it may have caused may be a factor for the court to consider . . ." in deciding whether the agency's alleged misconduct was intentional or willful. *Waters v. Thornburgh*, 888 F.2d 870, 876 (D.C.Cir. 1989).

In short, the Defendants' efforts both before and after the release of information to Pekoske indicate a sensitivity to the potential harm the release might cause and represent attempts to avert that harm. The Plaintiff has submitted no other evidence, relying instead on mere allegations of willful misconduct by the Defendants. Such allegations, without evidentiary support, are insufficient to survive the Defendant's Motion for Summary Judgment. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 886–890, 110 S.Ct. 3177, 3188–89, 111 L.Ed.2d 695 (1990).

### III. CONCLUSION

Upon consideration of the Defendants' Motion for Summary Judgment, the opposition thereto, the underlying record, and the applicable law, the Court concludes that the Plaintiff has failed to come forward with any evidence that the alleged misconduct of the Defendants was willful or intentional, an essential element in the Plaintiff's suit for monetary damages. Consequently, the Court must grant the Defendants' Motion for Summary Judgment. The Court shall issue an

Order of even date herewith consistent with the foregoing Memorandum Opinion.

### *JUDGMENT*

Upon consideration of the Defendants' Motion for Summary Judgment, the applicable law, the record herein, and for the reasons articulated in this Court's Memorandum Opinion of even date herewith, it is, by the Court, this 30th day of July, 1993,

ORDERED that the Defendants' Motion for Summary Judgment shall be, and hereby is, GRANTED; and that Judgment in the above-captioned case shall be, and hereby is, entered for the DEFENDANTS; and it is

FURTHER ORDERED that the above-captioned case shall be, and hereby is, DISMISSED from the dockets of this Court.